UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:11-cr-80005-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY L. FINKLEA,

    Defendant.
    _____/

## ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE

This cause comes before the Court upon Defendant Gary L. Finklea's ("Finklea") Motion to Reduce Sentence. DE 51. Finklea seeks his release from prison under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. He presently is confined at FCI Williamsburg serving a 180-month sentence after pleading guilty to being a felon in possession of a firearm and ammunition. *See* DE 25; DE 37. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises. For the reasons set forth below, Finklea's Motion is denied without prejudice.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).  The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1.  One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii)(I). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, application note 1(D).  Before reducing a sentence, the court must also determine that the "defendant is not a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Finklea states that he exhausted administrative remedies by submitting a release request to the FCI Williamsburg warden, which was denied. *See* DE 51 at 2, 4-5.  Finklea does not contend that he appealed the warden's denial, and therefore he has not demonstrated that he fully exhausted administrative remedies before turning to the Court for relief.  However, even if he had fully exhausted administrative remedies, the Court would conclude that a sentence reduction is inappropriate under the circumstances of this case.

2

Finklea is 50 years' old. As the basis for a sentence reduction, he states that he suffers from high blood pressure and that he is therefore particularly vulnerable to complications from COVID-19.[1] The Center for Disease Control has identified high blood pressure as an underlying medical condition that might cause a person to be at an increased risk for severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 10, 2020). The Court is sympathetic to the medical condition that Finklea describes and to the hardships that imprisonment creates, especially during the COVID-19 pandemic. However, he has provided no evidence to indicate that his medical condition is not being effectively managed within the prison system. The Court cannot conclude from this record that he suffers from a serious medical condition that substantially diminishes his ability to provide self-care within the prison environment. *See* U.S.S.G. § 1B1.13, application note 1(A)(ii)(I).

In addition, as of the date of this Order, FCI Williamsburg has only one active case of an inmate with COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Sept. 10, 2020. The Bureau of Prisons ("BOP") has implemented numerous procedures to mitigate the spread of COVID-19 in its correctional facilities. *See* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Sept. 10, 2020). These procedures include screening inmates, staff, and contractors; isolating inmates under certain circumstances; suspending visits and unnecessary inmate movement; and modifying operations to maximize social distancing. *See id.* Finklea acknowledges that he has been in quarantine since March 31, 2020. DE 51 at 2. While it is understandable that he has a legitimate concern about the spread of COVID-19 at FCI

---

[1] Finklea also states that his mother has diabetes, but he does not maintain that he currently suffers from diabetes.

Williamsburg, the Court has been presented with no information that would indicate that the BOP's mitigation measures will be ineffective at FCI Williamsburg. The Court does not find extraordinary and compelling reasons that warrant a reduction of Finklea's sentence. *See* 18 U.S.C. § 3582(c)(1)(A).

Finally, the Court is unable to conclude that Finklea's release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a), and is unable to conclude that he is not a danger to the safety of any other person or to the community. *See* 18 U.S.C. § 3553(a); *id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence); U.S.S.G. § 1B1.13(2) (requiring a court to conclude that the defendant "is not a danger to the safety of any person or to the community" before granting a reduction of sentence). The Court specifically notes Finklea's criminal history, which includes multiple felony convictions for crimes involving violence and/or firearms. *See* DE 39 at 4. This criminal history led him to receive the mandatory minimum 15-year sentence as an armed career criminal. *See* 18 U.S.C. § 924(e)(1).

For all of these reasons, it is **ORDERED AND ADJUDGED** that Finklea's Motion to Reduce Sentence [DE 51] is **DENIED WITHOUT PREJUDICE**. Given the denial of this Motion, his request for appointment of counsel is **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 10th day of September, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant; Counsel of Record